A. J. POOR GRAIN COMPANY, Plaintiff in Error, v. FRANKE GRAIN COMPANY, Defendant, FIRST NATIONAL BANK OF ENGLEWOOD, Interpleader, Defendant in Error.

Kansas City Court of Appeals, June 2, 1913.

SALES: Assignment of Draft: Attachment: Ownership of Property. A purchaser of corn, buying in Kansas and selling in Kansas City, Missouri, paid therefor by checks on a local bank and indorsed and delivered to the bank a draft on the consignee, together with the bill of lading issued by the railway over which the corn was shipped. The corn was refused by the consignee and was attached by a creditor of the purchaser and sold by the sheriff. The bank filed interplea claiming the proceeds. *Held*, that the bank was the owner of the corn and entitled to the proceeds.

Error to Jackson Circuit Court.—*Hon. Jacob L. Lorie,* Special Judge.

AFFIRMED.

*Arthur E. Lybolt* for plaintiff in error.

*Ball & Ryland* for interpleader and defendant in error.

ELLISON, J.—Plaintiff, in an action against defendant on an account, had the sheriff attach a carload of corn in the possession of the Atchison, Topeka & Santa Fe Railway Company as a carrier of freight. The sheriff afterwards sold the corn for four hundred and twenty-five dollars, and the interpleader filed his interplea claiming the money. The judgment in the trial court was for the interpleader, and plaintiff appealed.

It appears that defendant was a grain company doing business in and near Englewood, Kansas, by purchasing from farmers and shipping and selling in Kansas City, Missouri. It arranged with the interpleader, a bank at Englewood, to cash checks which it would give for purchases and then when a shipment of grain was made it would draw a draft on the consignee, attach it to the bill of lading issued by the railway carriers and indorse it to the interpleader, who, in turn, would indorse it to its correspondent bank in Kansas City, to be paid by the consignee. But regardless of the general mode of transacting its business, the defendant in the present instance checked against the grain, interpleader honored the checks and, as indorsee, received the draft and bill of lading, which it indorsed to the First National Bank of Kansas City, Missouri. Defendant had sold the grain to the "Kansas City Grain and Seed Company" for four hundred and fifteen dollars, and the bill of lading with draft attached for that sum was to be taken up by that company, but payment was refused. Now it seems that the Kansas City Grain & Seed Company is really an individual named A. J. Poor, and that he, too, is this plaintiff, calling himself "A. J. Poor Grain Company," and that in some former dealings as A. J. Poor Grain Company he claims defendant owed him the account

upon which he brought this attachment. We have no concern with any controversy between him and defendant; the question we have to consider is whether the interpleader bank at Englewood became the owner of the grain when the bill of lading was indorsed over to it.

Answering this question, we find nothing in the evidence to justify any other conclusion than that interpleader is the owner. The points against that view are obscure and not easily understood, when compared with the evidence. It is first stated that interpleader's officers knew the grain had been sold in Kansas City; but they also knew that it had not been delivered when they took the bill of lading and draft and that they had a right to refuse delivery until the draft was paid. There is no room for question of good faith and notice to them; it was an ordinary commercial transaction whereby shippers and their assignees are made safe in the payment of the draft drawn against the shipment.

Then it is said that interpleader began suit against defendant for and on account of their dealings including the sum and item for which it now interpleads, which action was compromised and settled. But no such defense was made in the pleading and is therefore barred of consideration. But, aside from this, the evidence showed that the subject of the present controversy was not included in the settlement of the other claim, and that this particular claim has never been paid to interpleader.

The point as to there being no evidence that the grain was ever shipped on the carrier's cars when the bill of lading was issued, is without merit. It certainly was not shown that it had not been shipped. On the contrary we think every inference arising on the evidence is that it had been.

Neither is there any substance in the point as to an alleged alteration of the bill of lading.

In addition to what we have written, it appears that plaintiff admitted the interpleader's case when the draft was presented and he offered to pay it if $100 would be deducted on account of other deals with defendant. He further admitted that practically he procured the car to be brought over the State line into this State with the intent and purpose of bringing an attachment. We are not putting our decision on these grounds, but finding them in the record we deem them worthy of remark as throwing some light on the matter of justice between the parties. The judgment being manifestly for the right party, is affirmed. All concur.